# COURT OF APPEALS OF WISCONSIN
# PUBLISHED OPINION

Case No.: 2022AP2196

Complete Title of Case:

**STATE OF WISCONSIN,**

  **PLAINTIFF-RESPONDENT,**

  **V.**

**CORDIARAL F. WEST,**

  **DEFENDANT-APPELLANT.**

| | |
|---|---|
| Opinion Filed: | May 1, 2024 |
| Submitted on Briefs: | August 28, 2023 |
| Oral Argument: | |

| | |
|---|---|
| JUDGES: | Neubauer, Grogan and Lazar, JJ. |
| Concurred: | |
| Dissented: | |

| | |
|---|---|
| Appellant<br>ATTORNEYS: | On behalf of the defendant-appellant, the cause was submitted on the briefs of *Rex R. Anderegg* of *Anderegg & Associates*, Milwaukee. |
| Respondent<br>ATTORNEYS: | On behalf of the plaintiff-respondent, the cause was submitted on the brief of *Sara Lynn Shaeffer*, assistant attorney general, and *Joshua L. Kaul*, attorney general. |

# COURT OF APPEALS
# DECISION
# DATED AND FILED

## May 1, 2024

**Samuel A. Christensen**
**Clerk of Court of Appeals**

## NOTICE

This opinion is subject to further editing. If published, the official version will appear in the bound volume of the Official Reports.

A party may file with the Supreme Court a petition to review an adverse decision by the Court of Appeals. *See* WIS. STAT. § 808.10 and RULE 809.62.

**Appeal No.    2022AP2196**

**STATE OF WISCONSIN**

Cir. Ct. No.  2014CF522

**IN COURT OF APPEALS**

---

STATE OF WISCONSIN,

   PLAINTIFF-RESPONDENT,

V.

CORDIARAL F. WEST,

   DEFENDANT-APPELLANT.

---

APPEAL from an order of the circuit court for Fond du Lac County: DALE L. ENGLISH, Judge. *Affirmed*.

Before Neubauer, Grogan and Lazar, JJ.

¶1    GROGAN, J.  Cordiaral F. West appeals from an order denying his motion seeking to withdraw his guilty plea to one charge of possession with intent to deliver cocaine, greater than five grams but not more than fifteen grams, contrary

to WIS. STAT. § 961.41(1m)(cm)2 (2021-22),[1] as a second and subsequent offense. On appeal, West asserts that the postconviction court erred in denying his motion without an evidentiary hearing and that he should be allowed to withdraw his plea because: (1) he pled guilty based on his erroneous understanding of possession; and (2) there was an inadequate factual basis to support his plea. We affirm.

## I. BACKGROUND

¶2      The State initially charged West with four counts of conspiracy to manufacture/deliver cocaine (two counts of not more than one gram and two counts of greater than one gram but not more than five grams), one count of conspiracy to commit possession with intent to deliver cocaine greater than five but not more than fifteen grams, and one count of conspiracy to commit possession with intent to deliver tetrahydrocannabinols (THC) two hundred grams or less.[2] *See* WIS. STAT. § 961.41(1)(cm)1g, 961.41(1)(cm)1r, 961.41(1m)(cm)2, 961.41(1)(h)1, and 961.41(1x). The following details related to those counts are taken from the Complaint.

¶3      On September 24, 2014, a confidential informant (CI) notified the Lake Winnebago Area Metropolitan Enforcement Group-Drug Unit (Drug Unit) that he had obtained contact information for two individuals from whom he could purchase illegal drugs—West and Dazwan D. Jones. According to the CI, West informed him that he "was in the crack cocaine business[,]" had given the CI "a

---

[1] All references to the Wisconsin Statutes are to the 2021-22 version unless otherwise noted.

[2] All six charges included an enhancer for second and subsequent offense, *see* WIS. STAT. § 961.48(1)(b), four counts included an enhancer pursuant to WIS. STAT. § 961.49(1m)(b)6 because the alleged activity occurred near a school, and two counts included an enhancer pursuant to § 961.49(1m)(b)1 because the alleged conduct occurred near a park.

couple rocks of crack cocaine," and provided contact information should the CI become interested in purchasing more crack cocaine. The CI further indicated that Jones often answered the phone when he called the numbers West provided and that Jones always conducted the transactions. That same day, the CI, under the direction of Drug Unit members, made two separate purchases of crack cocaine from Jones, the first of which weighed approximately 0.6 grams and the second of which weighed approximately 0.7 grams (counts one and two, respectively). Two days later, the CI and an undercover agent made two additional purchases of crack cocaine from Jones, one of which weighed 1.1 grams and the other 1.6 grams (counts three and four, respectively).

¶4      On September 26, 2014, following the four cocaine purchases over the prior two days, officers executed a search warrant at a residence ultimately determined to have been inhabited by Miguel West.[3] During their search of the residence, officers located 14.53 total grams of crack cocaine in the basement, 64.7 total grams of marijuana, packaging materials, cash, and mail addressed to multiple individuals—including one piece of mail addressed to Cordiaral West at that residence. The cocaine and marijuana discovered during the search formed the basis of counts five and six, respectively. While executing the search warrant, officers made contact with Miguel West, who was present at the residence, and officers later took Jones into custody after locating him nearby.

¶5      In June 2015, the State filed an Information adding two additional charges, both of which related to conduct occurring on May 24, 2015. The first

---

[3] It is not entirely clear from the Record what relationship Cordiaral West was believed to have had with that residence at the time officers obtained, and then executed, the search warrant. However, West states on appeal that "police wrongfully believed" the residence searched "belonged to Cordiaral West" when, "[i]n fact, Miguel West lived there[.]"

additional charge (count seven) alleged West possessed cocaine in an amount of more than one gram but not more than five grams with intent to deliver contrary to WIS. STAT. § 961.41(1m)(cm)1r, and the second additional charge (count eight) alleged obstructing an officer contrary to WIS. STAT. § 946.41(1).

¶6 Prior to trial, West moved to sever the seventh and eighth charges and then to dismiss five of the six conspiracy charges based on a multiplicity challenge; however, the circuit court denied both motions. On the first day of the scheduled trial, West negotiated a plea with the State wherein the State would dismiss counts one through six and count eight, and it would amend count seven to one charge of possession of cocaine with intent to deliver greater than five but not more than fifteen grams, as a second and subsequent offense, contrary to WIS. STAT. §§ 961.41(1m)(cm)2 and 961.48(1)(b), in exchange for West's guilty plea. West signed a Plea Questionnaire/Waiver of Rights to that effect.[4]

¶7 In advising the circuit court of the negotiated plea, the State explained it had filed an Amended Information that identified a specific date range—September 24, 2014, through May 24, 2015, inclusive—rather than a specific date as the period of the alleged violation (possession with intent to deliver). The State advised that this single amended charge would reduce "West's overall exposure [while] still accurately reflect[ing] the facts, at least, what the State believes it could prove if put to its proof at trial" and that it believed it had "sufficient evidence to prove that in total between [the alleged dates] that Mr. West … possessed more than five but less than [fifteen] grams total during that entire time." In regard to West's decision to enter the negotiated plea rather than proceed with the trial, defense

---

[4] The Plea Questionnaire/Waiver of Rights form indicates that West would plead no contest to the amended charge; however, West ultimately pled guilty and does not challenge that aspect of his plea on appeal.

counsel explained that doing so was beneficial to avoid the possibility of appellate issues related to the joinder of claims seven and eight and West having to present inconsistent defenses as to the conspiracy charges versus the nonconspiracy charges at trial.

¶8      The circuit court accepted the Amended Information and then explained the details of the single charge to West and what the State would be required to prove at trial—including the amended date range, amended amount of cocaine, and potential maximum penalties and terms of imprisonment. When asked, West confirmed he had engaged in the charged conduct as amended and entered a guilty plea. During the plea colloquy, the court confirmed with West, among other things, that he had sufficient opportunities to speak with his attorney, that he did not have any questions regarding the plea waiver form, that he was satisfied with his attorney, and that he was entering the plea freely, knowingly, and voluntarily. West's attorney then confirmed his belief that there was a factual basis for the amended charge. The court found that West "freely, knowingly and voluntarily entered his guilty plea to the sole count of the Amended Information" and therefore found West guilty of the charge. In November 2015, the court sentenced West "to ten years of confinement and three years of extended supervision consecutive to any other sentence."[5]

---

[5] Shortly after West pled guilty—but before the sentencing in this case—the Fond du Lac County Circuit Court sentenced West to ten years of initial confinement followed by five years of extended supervision following his revocation in Fond du Lac County case No. 2013CF55.

5

¶9 Six years later, in June 2022, West filed a WIS. STAT. § 974.06 motion seeking withdrawal of his guilty plea.[6] In his motion, West asserted that he did not possess, *at one single time* during the relevant September 24, 2014, through May 24, 2015 time period, "five or more grams of cocaine" and that he "only pled guilty because he was under the impression that the State could prove the offense by adding up smaller amounts of cocaine that he was alleged to have possessed on separate occasions." According to West, he had "since learned that it was improper to add up smaller amounts of cocaine that he might have possessed at separate times to create a possession case of a larger amount that he never possessed at one time" and that had he "been aware of the impropriety of doing so, he would not have pled guilty to that charge[.]" West argued he should be allowed to withdraw his plea because it "was based on an erroneous information regarding possession" and because "there was an inadequate factual basis for the crime to which he pled."

¶10 In support of his motion, West argued he should be allowed to withdraw his plea pursuant to *State v. Bangert*, 131 Wis. 2d 246, 267, 389 N.W.2d 12 (1986), because the plea "colloquy failed to establish whether the underlying conduct constituted the crime to which he entered a plea[,]" the circuit court had not "asked when, between September 24, 2014 and May 24, 2015, West possessed more than 5, but less than 15, grams of cocaine[,]" and "there was an implicit belief that the possession of smaller amounts was cumulative[] and that several less serious offenses could be combined into a single more serious offense." Based on all of

---

[6] Following his guilty plea, West filed a "Notice of Intent to Pursue Post-Conviction Relief," and over the next two-and-one-half years, this court repeatedly granted his multiple motions seeking an extension of time to file either a postconviction motion or a notice of appeal. In June 2018—more than two years after the initial deadline for West to file a postconviction motion or notice of appeal—this court informed West, who by that point was proceeding pro se after multiple attorneys appointed to represent him had withdrawn, that his WIS. STAT. RULE 809.30 appeal rights had expired. The expiration of West's RULE 809.30 appeal rights is not at issue in this appeal.

this, West said, he did not understand at the time of his plea that "his conduct does not actually fall within the charge" since he never possessed at least five grams of cocaine at one single time, and therefore there was no factual basis to support his plea.

¶11 Alternatively, West argued he was entitled to plea withdrawal pursuant to *Nelson v. State*, 54 Wis. 2d 489, 195 N.W.2d 629 (1972), and *State v. Bentley*, 201 Wis. 2d 303, 548 N.W.2d 50 (1996) (hereinafter *Nelson/Bentley*).  As to his *Nelson/Bentley* claim, West asserted there was a factor external to the plea colloquy that led to his misunderstanding of the law and whether he had engaged in the conduct alleged:  "defense counsel's failure to accurately review the full and actual elements of the offense with [him] and explain how his conduct would have satisfied possession of 5-15 grams of cocaine."  This, he said, rendered defense counsel ineffective pursuant to *Strickland v. Washington*, 466 U.S. 668 (1984), because:  (1) defense counsel performed deficiently in allowing him "to plead guilty to an offense for which there was no factual basis" since he never possessed five or more grams of cocaine at any single time during the alleged time period; and (2) this deficiency was prejudicial because had he been aware that his conduct did not satisfy the elements of the offense charged, he would have proceeded to trial rather than enter a plea, and the outcome therefore would have been different.

¶12 The postconviction court[7] issued an oral ruling on West's motion at an August 2022 hearing.  At the outset, the court determined that West's "arguments center[ed] around … a central argument that there wasn't any factual basis on which [he] could have entered a plea to the sole count in the Amended Information, [the]

_____

[7] The Honorable Dale L. English presided over the plea hearing and also issued the ruling on West's motion for plea withdrawal.

7

argument being … that the record doesn't support the charge pled to." It then confirmed that absent a legal basis for West's guilty plea, "an evidentiary hearing would be necessary to" determine whether the plea colloquy was defective or whether defense counsel had been ineffective. However, it said, if "there was a factual basis for the guilty plea to the charge in question, then, perforce, there wouldn't be any ineffective assistance of counsel and the plea colloquy would be sufficient."

¶13 After setting forth the relevant legal authority and analytical framework by which it would review West's motion, the postconviction court ultimately turned to WIS. STAT. § 971.365(1)(b)—a statute mentioned neither in the Amended Information nor the parties' postconviction arguments—and noted that although it was unaware of any published appellate decisions addressing § 971.365, it nevertheless believed that statute applied. Section 971.365(1)(b) provides that in any case arising under specific statutes—including WIS. STAT. § 961.41(1m)(cm), the statute West pled guilty to having violated—where "more than one violation" is involved, "all violations may be prosecuted as a single crime if the violations were pursuant to a single intent and design." Sec. 971.365(1)(b). Based on this language, its review of the conduct alleged in the Complaint, and the Record as a whole, the court determined that the State could "prosecute all of the alleged violations as a single crime" and that what had "occurred was that the sole count in the Amended Information expanded the time frame and increased the weight."

¶14 In reaching this conclusion, the postconviction court specifically pointed to the allegations that West had informed the CI that "he was in the crack business," had given the CI two phone numbers for purchasing crack cocaine, that Jones answered the phone numbers West had provided and completed four cocaine purchase transactions, that the total amount of cocaine identified in counts one

through five of the Complaint totaled more than five grams and actually exceeded fifteen grams, and that officers had found mail addressed to West when executing the search warrant. Based on the totality of these allegations, the court stated it "could easily conclude that the various violations were pursuant to a single intent and design and that the weight -- the weight in question exceeded both 5 grams and actually exceeded 15 grams." The court further noted that this was a negotiated plea and that defense counsel had acknowledged his belief that there was a factual basis to support the plea. Accordingly, the court determined that a factual basis existed for the sole count alleged in the Amended Information and for West's plea, and as a result, there was neither any error as to the plea colloquy nor ineffective assistance of counsel. The court therefore denied West's motion to withdraw his plea without holding an evidentiary hearing. West now appeals.

## II. DISCUSSION

¶15 A defendant seeking plea withdrawal after sentencing must show, by clear and convincing evidence, "that allowing the withdrawal of the plea 'is necessary to correct a manifest injustice.'" *State v. Nash*, 2020 WI 85, ¶32, 394 Wis. 2d 238, 951 N.W.2d 404 (quoting *State v. Smith*, 202 Wis. 2d 21, 25, 549 N.W.2d 232 (1996)). "[O]ne type of manifest injustice is the failure of the trial court to establish a sufficient factual basis that the defendant committed the offense to which he or she pleads." *Smith*, 202 Wis. 2d at 25. If the circuit court fails to "determine that a sufficient factual basis exists for each element of the crime based on the entire record[,] … a manifest justice occurs." *Nash*, 394 Wis. 2d 238, ¶32. "[W]e will not overturn the circuit court's determination of a sufficient factual basis unless it is clearly erroneous." *Id.*, ¶28. In determining whether a circuit court's decision was clearly erroneous, "we are permitted to search the record for reasons

9

to sustain" the court's decision. *See* ***State v. Sulla***, 2016 WI 46, ¶23, 369 Wis. 2d 225, 880 N.W.2d 659.

¶16 "A defendant may [also] show manifest injustice by proving 'that his plea was not entered knowingly, intelligently, and voluntarily.'" ***State v. Pegeese***, 2019 WI 60, ¶15, 387 Wis. 2d 119, 928 N.W.2d 590 (quoting ***State v. Taylor***, 2013 WI 34, ¶24, 347 Wis. 2d 30, 829 N.W.2d 482). If a plea is not entered knowingly, intelligently, and voluntarily, a defendant's "fundamental due process rights are violated such that the defendant is entitled to withdraw his plea." ***Pegeese***, 387 Wis. 2d 119, ¶16. "Whether a defendant entered his plea knowingly, intelligently, and voluntarily is a question of constitutional fact that this court reviews de novo." ***Id.*** We will "'accept[] the circuit court's findings of historical or evidentiary facts unless they are clearly erroneous.'" ***Id.*** (citation omitted).

¶17 On appeal, West asserts the postconviction court erred in denying an evidentiary hearing on his plea withdrawal motion and renews his argument that he is entitled to plea withdrawal under ***Bangert*** and/or ***Nelson/Bentley***. He also challenges the postconviction court's interpretation and application of WIS. STAT. § 971.365(1)(b) to the circumstances of his case. In order to determine whether the postconviction court erred in denying West's motion to withdraw his plea without an evidentiary hearing, we must interpret § 971.365(1)(b) and consider its interplay with West's ***Bangert*** and ***Nelson/Bentley*** claims. To do so, we begin by identifying the basic principles applicable to plea withdrawal motions.

*A. Plea Withdrawal Principles*

¶18 There are "[t]wo legal paths … available to a defendant who seeks to withdraw his plea after sentencing." ***Sulla***, 369 Wis. 2d 225, ¶25. First, a defendant may file a ***Bangert*** motion. ***Sulla***, 369 Wis. 2d 225, ¶25. "A defendant invokes

*Bangert* when the plea colloquy is defective[.]" *Sulla*, 369 Wis. 2d 225, ¶25 (quoting *State v. Howell*, 2007 WI 75, ¶74, 301 Wis. 2d 350, 734 N.W.2d 48). Second, a defendant may seek plea withdrawal via a *Nelson/Bentley* motion. *Sulla*, 369 Wis. 2d 225, ¶25. "[A] defendant invokes *Nelson/Bentley* when the defendant alleges that some factor extrinsic to the plea colloquy, like ineffective assistance of counsel … renders a plea infirm." *Sulla*, 369 Wis. 2d 225, ¶25 (alteration in original; quoting *Howell*, 301 Wis. 2d 350, ¶74). We address the requirements and applicable analysis of each type of motion in turn.

¶19     Whether a manifest injustice occurred because the "plea colloquy was deficient such that WIS. STAT. § 971.08 or another mandatory plea hearing requirement was violated is a question of law" we review de novo. *Pegeese*, 387 Wis. 2d 119, ¶17. In doing so, we first "'determine if the defendant should be allowed to withdraw the plea because the circuit court violated'" its required duties. *State v. Gomolla*, 2024 WI App 13, ¶17, 411 Wis. 2d 239, 4 N.W.3d 610 (quoting *Pegeese*, 387 Wis. 2d 119, ¶25). Second, "we 'determine, if necessary, whether the failure to withdraw the plea would otherwise result in a manifest injustice.'" *Gomolla*, 411 Wis. 2d 239, ¶17 (quoting *Pegeese*, 387 Wis. 2d 119, ¶25).

¶20     Where a defendant instead asserts that plea withdrawal is appropriate "[u]nder *Nelson/Bentley*, a reviewing court determines as a matter of law … whether a defendant's motion to withdraw a guilty plea 'on its face alleges facts which would entitle the defendant to relief,' and whether the record conclusively demonstrates that the defendant is entitled to no relief." *Howell*, 301 Wis. 2d 350, ¶78. If the "motion fails to allege sufficient facts" that would entitle "the defendant to relief or presents only conclusory allegations, or the record, as a matter of law, conclusively demonstrates the defendant is not entitled to relief[,]" we review the "circuit court's exercise of its discretion to grant or deny a hearing" under the

erroneous exercise of discretion standard. *Id.*, ¶79. "A circuit court properly exercises its discretion" by "examin[ing] the relevant facts, appl[ying] the proper legal standards, and engag[ing] in a rational decision-making process." *Bentley*, 201 Wis. 2d at 318.

### 1. Plea Withdrawal Pursuant to *Bangert*

¶21     *Bangert* imposes numerous duties upon a circuit court, including personally addressing the defendant and compliance with WIS. STAT. § 971.08, to ensure the defendant's plea and waiver of constitutional rights is made knowingly, voluntarily, and intelligently. *Bangert*, 131 Wis. 2d at 270-71; *Howell*, 301 Wis. 2d 350, ¶26. "The purpose of these duties is to inform the defendant of the nature of the charges, to ascertain the defendant's understanding of the charge, and to ensure that the defendant is aware of the constitutional rights being waived." *Howell*, 301 Wis. 2d 350, ¶26.

¶22     A defendant invokes *Bangert* "by alleging that the circuit court failed to fulfill its plea colloquy duties." *Howell*, 301 Wis. 2d 350, ¶27. An evidentiary hearing is required if the motion: (1) "makes 'a *prima facie* showing that [the] plea was accepted without the trial court's conformance with [WIS. STAT.] § 971.08 or other mandatory procedures'"; and (2) "alleges that in fact the defendant did not know or understand the information that should have been provided at the plea colloquy." *Howell*, 301 Wis. 2d 350, ¶27 (alterations in original). Whether the defendant's motion satisfies both prongs presents a question we determine as a matter of law, *id.*, ¶31, and our review is limited to the plea hearing transcript. *See State v. Cross*, 2010 WI 70, ¶19, 326 Wis. 2d 492, 786 N.W.2d 64.

¶23     If the defendant's motion satisfies each of *Bangert*'s prongs, "the defendant is entitled to an evidentiary hearing … at which the State must prove by

clear and convincing evidence that the defendant's plea was knowing, voluntary, and intelligent despite the deficiencies in the plea hearing." ***Cross***, 326 Wis. 2d 492, ¶20. In seeking to establish the plea was knowing, voluntary, and intelligent, the State may utilize the entirety of the record. ***Pegeese***, 387 Wis. 2d 119, ¶27; ***Taylor***, 347 Wis. 2d 30, ¶32 ("The State may use 'any evidence' to prove that the defendant's plea was knowing, intelligent, and voluntary, including any documents in the record and testimony of the defendant or defendant's counsel." (citation omitted)). If the State fails to establish the plea was knowing, intelligent, and voluntary, "the defendant is entitled to withdraw his plea as a matter of right." ***Cross***, 326 Wis. 2d 492, ¶20.

¶24 If the defendant does not "show that the circuit court failed in its duties during the plea hearing, or if the State meets its burden of proving the plea was knowing, voluntary, and intelligent," plea withdrawal is left to the circuit court's discretion. ***Id***. We will not disturb such a discretionary act "unless the defendant demonstrates a manifest injustice will result from the court's refusal to allow the plea to be withdrawn." ***Id.***

2. Plea Withdrawal Pursuant to *Nelson/Bentley*

¶25 A ***Nelson/Bentley*** claim also has two prongs. ***Sulla***, 369 Wis. 2d 225, ¶¶25-27. Under the first prong, a circuit court "'must hold an evidentiary hearing'" if the motion "'alleges facts which, if true, would entitle the defendant to relief[.]'" ***Id.***, ¶26 (citation omitted). "To meet this first prong, a defendant must allege 'sufficient material facts' that would allow a reviewing court 'to meaningfully assess a defendant's claim[,]'" meaning that the defendant should specifically allege "'who, what, where, when, why, and how.'" ***Id***. (citations omitted).

13

¶26     Under the second ***Nelson/Bentley*** prong, "if the motion does not raise facts sufficient to entitle the movant to relief, or presents only conclusory allegations, or if the record conclusively demonstrates that the defendant is not entitled to relief, the circuit court has the discretion to grant or deny a hearing." ***State v. Allen***, 2004 WI 106, ¶9, 274 Wis. 2d 568, 682 N.W.2d 433; ***Sulla***, 369 Wis. 2d 225, ¶¶23, 27.   In other words, "'even if the [***Nelson/Bentley***] motion alleges sufficient nonconclusory facts[,]'" "'an evidentiary hearing is not mandatory if the record as a whole conclusively demonstrates that [the] defendant is not entitled to relief[.]'" ***Sulla***, 369 Wis. 2d 225, ¶29 (citation omitted).

¶27     "[W]hether a defendant's motion to withdraw a guilty plea 'on its face alleges facts which would entitle the defendant to relief,' and whether the record conclusively demonstrates that the defendant is entitled to no relief" are questions of law this court reviews de novo.  ***Howell***, 301 Wis. 2d 350, ¶78 (footnote omitted; citation omitted); ***Sulla***, 369 Wis. 2d 225, ¶23.

### B. West's Motion to Withdraw His Guilty Plea

¶28     West's plea withdrawal motion was premised on the existence of errors both internal and external to the plea colloquy, as set forth in ***Bangert*** and ***Nelson/Bentley***, respectively, that he says would result in a manifest injustice if he is not allowed to withdraw his plea.  He raises the same issues on appeal, specifically arguing that the circuit court failed to confirm a factual basis for his plea existed—in other words, that the court did not confirm whether West's conduct fell within the charged crime—and that his plea was not knowing, intelligent, and voluntary because defense counsel never informed him, and he was therefore unaware, that his conduct did not fall within the charged crime.  He also argues on appeal that

14

WIS. STAT. § 971.365(1)(b) is insufficient to establish a factual basis existed for his plea—the crux of why he believes he is entitled to plea withdrawal—because:

(1) he "has always steadfastly maintained" "that he had nothing to do with the 14.53 grams of cocaine" identified in count five of the Complaint and that without that amount, counts one through four alleged a combined weight of *less than* five grams;

(2) even if there was a sufficient basis to establish the amount alleged, the Amended Information did not allege the various violations were "pursuant to a single intent and design[,]" which § 971.365(1)(b) requires;

(3) the alleged timeframe—September 24, 2014, through May 24, 2015—"undercuts the idea of a 'single intent and design'" because "there were zero alleged offenses between September 26, 2014 and May 24, 2015";

(4) the concept of there having been "a 'single intent and design' … was never addressed during the plea hearing";

(5) counts one through five were initially charged as conspiracy charges pursuant to WIS. STAT. § 961.41(1)(cm) and 961.41(1m)(cm), § 961.41(1)(cm) does not fall within the ambit of § 971.365(1)(b), and no other authority appears to allow aggregation of "multiple conspiracy charges into a single charge of possession with intent" to deliver; and

(6) sec. 971.365(1)(b) is ambiguous—and therefore also violates the void for vagueness doctrine—because the statutory language "[t]hat 'all violations may be prosecuted as a single crime' does not unambiguously signify that smaller violations can be aggregated into a single more serious crime" and "is too vague to put individuals on notice that drug dealing in small amounts can be aggregated and charged as a single instance of a large scale drug transaction."

West also complains that § 971.365(1)(b) was not cited in the Amended Information. Again, because West filed his motion for plea withdrawal after sentencing, he must establish "by clear and convincing evidence that 'allowing the withdrawal of the plea is necessary to correct a manifest injustice.'" *See State v.*

15

*Savage*, 2020 WI 93, ¶24, 395 Wis. 2d 1, 951 N.W.2d 838 (quoted sources omitted); *Nash*, 394 Wis. 2d 238, ¶28.

¶29 As the postconviction court aptly noted, West's plea withdrawal motion—whether viewed under **Bangert** or **Nelson/Bentley**—ultimately hinges on whether a factual basis exists to support his plea. According to West, no such factual basis exists because the State, he says, could not aggregate smaller amounts of cocaine from separate transactions charged as part of a conspiracy into one larger amount to satisfy the requirements of WIS. STAT. § 961.41(1m)(cm)2—the statute he pled guilty to having violated. To determine whether West is correct, and thus whether he is, at the very least, entitled to an evidentiary hearing, we therefore must construe WIS. STAT. § 971.365(1)(b) and then apply it to the circumstances of West's case.

### C. WISCONSIN STAT. § 971.365(1)(b)

¶30 We review questions of statutory interpretation de novo, **State v. Lickes**, 2020 WI App 59, ¶16, 394 Wis. 2d 161, 949 N.W.2d 623, and we interpret statutes using the well-established methodology articulated in **State ex rel. Kalal v. Circuit Court for Dane County**, 2004 WI 58, 271 Wis. 2d 633, 681 N.W.2d 110. When reviewing statutory language, this court "ascertain[s] and appl[ies] the plain meaning of the statutes as adopted by the legislature." **White v. City of Watertown**, 2019 WI 9, ¶10, 385 Wis. 2d 320, 922 N.W.2d 61. "[S]tatutory interpretation 'begins with the language of the statute[,]'" and the "language is given its common, ordinary, and accepted meaning, except that technical or specially-defined words or phrases are given their technical or special definitional meaning." **Kalal**, 271 Wis. 2d 633, ¶¶45-46 (citation omitted) ("Context is important to meaning. So, too, is the structure of the statute in which the operative language appears. Therefore,

statutory language is interpreted in the context in which it is used; not in isolation but as part of a whole; in relation to the language of surrounding or closely-related statutes; and reasonably, to avoid absurd or unreasonable results.").

¶31 A statute is unambiguous if the interpretative process set forth above "'yields a plain, clear statutory meaning[.]'" *Id.*, ¶46 (citation omitted). If a statute "is unambiguous, there is no need to consult extrinsic sources of interpretation, such as legislative history." *Id.* "[A] statute is ambiguous if it is capable of being understood by reasonably well-informed persons in two or more senses." *Id.*, ¶47. "[D]isagreement about the statutory meaning" "is not enough" to render a statute ambiguous. *Id.* Rather, "the test for ambiguity examines the" statutory language "to determine whether 'well-informed persons *should have* become confused,' that is, whether the statutory … language *reasonably* gives rise to different meanings." *Id.* (citation omitted; omission in original).

¶32 West pled guilty to one count of violating Wis. Stat. § 961.41(1m)(cm)2; thus, the relevant Wis. Stat. § 971.365 language provides that "[i]n any case under … s. 961.41(1m)(cm) … involving more than one violation, all violations may be prosecuted as a single crime if the violations were pursuant to a single intent and design." Sec. 971.365(1)(b).[8] As relevant, § 961.41(1m)(cm), in turn, provides that:

> Except as authorized by this chapter, it is unlawful for any
> person to possess, with intent to manufacture, distribute or

---

[8] Wisconsin Stat. § 971.365(1)(a) is nearly identical except that it applies to any case under certain other statutes, including Wis. Stat. § 961.41(1)(cm), which makes it "unlawful for any person to manufacture, distribute or deliver a controlled substance or controlled substance analog[,]" which includes "cocaine or cocaine base, or a controlled substance analog of cocaine or cocaine base[.]" Sec. 961.41(1)(cm). The conspiracy charges set forth in the Complaint alleged multiple violations of § 961.41(1)(cm) (counts one through four) and one count of conspiracy stemming from an alleged violation of § 961.41(1m)(cm) (count five). Because West pled guilty to violating § 961.41(1m)(cm), we do not specifically address § 961.41(1)(cm).

deliver, a controlled substance or a controlled substance analog. Intent under this subsection may be demonstrated by, without limitation because of enumeration, evidence of the quantity and monetary value of the substances possessed, the possession of manufacturing implements or paraphernalia, and the activities or statements of the person in possession of the controlled substance or a controlled substance analog prior to and after the alleged violation. Any person who violates this subsection is subject to the following penalties:

….

(cm) *Cocaine and cocaine base.* If a person violates this subsection with respect to cocaine or cocaine base, or a controlled substance analog of cocaine or cocaine base, and the amount possessed, with intent to manufacture, distribute or deliver, is:

1g. One gram or less, the person is guilty of a Class G felony.

1r. More than one gram but not more than 5 grams, the person is guilty of a Class F felony.

2. More than 5 grams but not more than 15 grams, the person is guilty of a Class E felony.

3. More than 15 grams but not more than 40 grams, the person is guilty of a Class D felony.

4. More than 40 grams, the person is guilty of a Class C felony.

*Id.* West asserts that § 971.365(1)(b) is ambiguous because the language "[t]hat 'all violations may be prosecuted as a single crime' does not unambiguously signify that smaller violations can be aggregated into a single more serious crime" and that "[t]his language is too vague to put individuals on notice that drug dealing in small

18

amounts can be aggregated and charged as a single instance of a large scale drug transaction."[9] We disagree.

¶33 Despite West's assertion that WIS. STAT. § 971.365(1)(b) does not clearly inform an individual that the amounts of cocaine, base, or analog at issue for each of multiple violations of WIS. STAT. § 961.41(1m)(cm) can be aggregated into one larger amount for prosecution purposes under certain circumstances, § 971.365(1)(b)'s clear language does precisely that.

¶34 First, WIS. STAT. § 971.365(1)(b) clearly identifies the statutory violations to which it applies. Second, it announces that if an individual violates one of the identified statutes multiple times, "all violations may be prosecuted as a *single* crime"—as opposed to multiple crimes—if each violation is "pursuant to a single intent and design." *Id.* (emphasis added). As relevant here, § 971.365(1)(b) applies to violations of WIS. STAT. § 961.41(1m)(cm), which in turn identifies different penalties for five specific ranges corresponding to the amount of cocaine, cocaine base, or analog at issue as set forth above. Sec. 961.41(1m)(cm)1g-4. Thus, if an individual violates § 961.41(1m)(cm) multiple times, the penalty for each violation will depend upon the amount of cocaine, base, or analog involved. It necessarily follows that § 971.365(1)(b)'s language allowing for prosecution of "all

---

[9] We note that despite West's characterization, the practical effect of aggregating smaller amounts into one larger amount pursuant to WIS. STAT. § 971.365 will often reduce a defendant's overall potential exposure despite imposing a more serious felony violation. For example, here, the individual amounts of cocaine alleged (excluding the 14.53 grams of cocaine West claims were not his)—0.6 grams, 0.7 grams, 1.1 grams, 1.6 grams, and 1-5 grams—ultimately exposed West to two Class G felonies, each of which carried a possible penalty of a fine up to $25,000 and/or imprisonment up to ten years, and three Class F felonies, each of which carried a possible penalty of a fine up to $25,000 and/or imprisonment up to twelve years and six months. *See* WIS. STAT. §§ 961.41(1)(cm)1g, 961.41(1)(cm)1r, 961.41(1m)(cm)1r, 939.50(3)(f)-(g). By contrast, the amended charge to which West pled—a violation of § 961.41(1m)(cm)2—is a Class E felony, which carried a potential penalty of a fine up to $50,000 and imprisonment of up to fifteen years. *See* §§ 961.41(1m)(cm)2, 939.50(3)(e).

violations" "as a single crime" can have only one meaning: that the amounts of cocaine, base, or analog for each violation may be added together into a single amount so long as each individual violation was part of "a single intent and design." If it did not, the statutory language authorizing prosecution of "all violations" (in other words, multiple violations) "as a single crime" would have no meaning because only the multiple separate violations would remain—there would be no "single crime." *See* § 971.365(1)(b).

¶35    Accordingly, we conclude that WIS. STAT. § 971.365(1)(b) unambiguously permits aggregation of the amount at issue for each violation of an enumerated statute so that multiple violations identifying smaller amounts may be prosecuted as one violation identifying a larger amount where the multiple violations are "pursuant to a single intent and design." *Id.*[10] The statute does not require that the multiple violations occurred at one *single* time or even within a specific timeframe.

### D. West Was Not Entitled to an Evidentiary Hearing.

¶36    Having determined the meaning of WIS. STAT. § 971.365(1)(b), we turn to West's plea withdrawal motion. The crux of West's plea withdrawal allegations and arguments is premised on purported errors related to the existence—

---

[10] West also argues that WIS. STAT. § 971.365 is void for vagueness because it does not clarify "that a series of minor drug transactions can be aggregated into a single more *serious* crime." "We will not invalidate a statute on vagueness grounds 'if any reasonable and practical construction can be given its language or if its terms may be made reasonably certain by reference to other definable sources.'" *State v. Hibbard*, 2022 WI App 53, ¶23, 404 Wis. 2d 668, 982 N.W.2d 105 (quoting *State v. Thomas*, 2004 WI App 115, ¶14, 274 Wis. 2d 513, 683 N.W.2d 497), *review denied*, 2023 WI 29, 998 N.W.2d 830. In light of our conclusion that § 971.365(1)(b) unambiguously provides notice that the State can aggregate multiple violations of WIS. STAT. § 961.41(1m)(cm) (or violations of the other enumerated statutes therein) into a single count, it is unnecessary to address this argument further as § 971.365(1)(b) clearly provides "fair notice to a person of ordinary intelligence regarding what it prohibits" and "provide[s] an objective standard for enforcement." *See State v. McKellips*, 2016 WI 51, ¶41, 369 Wis. 2d 437, 881 N.W.2d 258.

or in this case, West says, the nonexistence—of a factual basis to support his guilty plea. Specifically, West argued in his plea withdrawal motion that no factual basis existed because "[a]t no time" did he "ever possess five or more grams of cocaine at one time." This purported lack of a factual basis, he says, resulted in a plea colloquy defect in violation of **Bangert** as well as a **Nelson/Bentley** violation due to having received ineffective assistance of counsel. For the reasons that follow, we conclude there was a factual basis to support West's guilty plea, and he therefore did not establish that he was entitled to an evidentiary hearing under either **Bangert** or **Nelson/Bentley**.

    1. A Factual Basis Existed to Support West's Guilty Plea.

¶37    West raises multiple arguments on appeal regarding a perceived lack of a factual basis, most of which relate to the postconviction court's reliance on WIS. STAT. § 971.365(1)(b). To begin, West correctly points out that the State did not reference § 971.365 in its Amended Information; however, § 971.365 is not a pleading statute, *see **State v. Elverman***, 2015 WI App 91, ¶¶31-32, 366 Wis. 2d 169, 873 N.W.2d 528, and we reject his argument that the State's failure to reference § 971.365 negates the presence of a factual basis to support his plea. As the State properly notes, we have previously held that "[w]hile citation to a specific statute may be the preferred practice, failure to specifically cite to a statute in the information and complaint is harmless error where there is no prejudice to the defendant." *See **Elverman***, 366 Wis. 2d 169, ¶22; *see also* WIS. STAT. § 971.26 ("No indictment, information, complaint or warrant shall be invalid, nor shall the trial, judgment or other proceedings be affected by reason of any defect or imperfection in matters of form which do not prejudice the defendant.").

¶38 In *Elverman*, we rejected the argument—similar to the one West raises here—"that the information and complaint failed to provide sufficient notice of the specific acts [of theft] for which [Elverman] was being charged because neither … cited or referred to WIS. STAT. § 971.36(3) (2003-04), leaving him unaware that each act was being aggregated and that … the evidence [must] show he had acted pursuant to a single intent and design." *See Elverman*, 366 Wis. 2d 169, ¶16. Like WIS. STAT. § 971.365(1)(b), § 971.36 provides that "[i]n any case of theft involving more than one theft, *all thefts may be prosecuted as a single crime if* one of the following applies: (a) The property belonged to the same owner and the thefts were *committed pursuant to a single intent and design* or in execution of a single deceptive scheme." Sec. 971.36(3)(a) (emphases added). In rejecting Elverman's argument, we noted that where "theft occurs as a result of an ongoing scheme[,]" "it may be necessary to allege several individual transactions which, considered together, reflect the [ongoing scheme]." *Elverman*, 366 Wis. 2d 169, ¶19 (second alteration in original; quoted source omitted).

¶39 Here, West negotiated a plea with the State, and it is clear from the Record that the sole count in the Amended Information was based on the totality of the information contained within the Complaint and the original Information filed in this matter. First, the Amended Information, rather than identifying a specific date, identified a specific time period—September 24, 2014, to May 24, 2015— during which it was alleged that West possessed, with the intent to deliver, more than five grams but not more than fifteen grams of cocaine. Given that the Complaint and original Information identified multiple cocaine-related transactions and offenses occurring during the alleged time period, it is readily inferable that the Amended Information aggregated the individual amounts reflected in the Complaint and original Information.

¶40    Second, when the parties informed the circuit court they had reached a negotiated plea agreement, the State informed the court that it believed the amended charge—which accompanied outright dismissal of the remaining charges—was appropriate because it believed there was "sufficient evidence to prove that *in total*" West "possessed more than five but less than 15 grams total during [the] entire time" alleged in the Amended Information.  (Emphasis added.) Moreover, defense counsel confirmed during the plea hearing that there was a factual basis to support West's plea, and a court can rely on counsel's stipulation. *See **State v. Black***, 2001 WI 31, ¶13, 242 Wis. 2d 126, 624 N.W.2d 363 ("'[A] factual basis is established when counsel stipulate[s] on the record to facts in the criminal complaint.'" (citation omitted)).

¶41    Third, in his plea withdrawal motion, West confirmed that at the time of his plea, it was his understanding that the State had aggregated the smaller individual amounts of cocaine at issue into one larger amount:  "[I] only pled guilty because [I] was under the impression that the State could prove the offense by adding up smaller amounts of cocaine … alleged[ly] … possessed on separate occasions."  It is therefore clear that West understood, at the time of his plea, that the Amended Information was based on an aggregated amount despite the absence of a specific reference to WIS. STAT. § 971.365(1)(b).  Thus, West was on notice— and admittedly understood—that the negotiated plea amount was based on the underlying individual transactions.  Moreover, this negotiated plea agreement undeniably reflected a "single intent and design" despite the lack of a specific

reference to § 971.365(1)(b). Any failure on the part of the State to specifically reference that statute was therefore harmless.[11]

¶42 Relatedly, West also argues that there simply was no factual basis to support his plea because in order for WIS. STAT. § 971.365(1)(b) to even apply, the amounts of cocaine at issue as to each individual violation of WIS. STAT. § 961.41(1m)(cm) must have been made pursuant to a single intent and design. Here, he says, no such single intent and design was ever established (let alone, as noted above, referenced) and that the alleged timeframe of September 24, 2014, through May 25, 2015, "undercuts the idea of a 'single intent and design'" because "there were zero alleged offenses between September 26, 2014 and May 24, 2015." We again disagree.

¶43 Although the statutory language "pursuant to a single intent and design[,]" *see* WIS. STAT. § 971.365(1)(b), did not appear in the Amended Information and was not used during the course of the plea-related proceedings, the Complaint alleged that West had informed the CI that he "was in the crack cocaine business" and provided the CI with contact information should he be interested in additional cocaine purchases. While the majority of the alleged events occurred during September 2014 and there was a gap in time between those charged events and the May 2015 event, all charges ultimately related to the manufacture, distribution, and delivery of cocaine, a cocaine base, or an associated analog. *See* WIS. STAT. § 961.41(1)(cm), (1m)(cm). It is readily inferable from these

---

[11] In reaching this conclusion, we reject West's description of WIS. STAT. § 971.365(1)(b) as being "bare bones" in comparison to WIS. STAT. § 971.36. While § 971.36 is more detailed, at least part of the additional detail stems from the fact that prosecuting multiple thefts as one single theft is not limited to circumstances where a "single intent and design" is required. *See* § 971.36(3)(a)-(d). Moreover, § 971.36 specifically relates to theft, whereas § 971.365 applies specifically to controlled substances, and it is reasonable to infer that the legislature imposed different requirements for different types of crimes.

allegations, particularly in light of the multiple transactions alleged in the Complaint, that the transactions were part of an ongoing "intent and design" to sell drugs—specifically, cocaine.

¶44 West next asserts there was no factual basis to support his plea because, even if the amounts of the underlying conspiracy transactions were aggregated, the amount was *less than* five grams. In support of this argument, West asserts it is necessary to exclude the 14.53 grams of cocaine at issue in count five of the Complaint if the underlying amounts are aggregated because he "has always steadfastly maintained" that the 14.53 grams "was *not* his" and that without that amount "only four (4) grams of cocaine remain, which is *below* the threshold for the offense to which [he] pled guilty." Even if we exclude the 14.53 grams from the sum total alleged in the Amended Information, however, the State nevertheless alleged that more than five grams of cocaine remained at issue across all of the pending charges in the Complaint and original Information. Specifically, counts one through four of the Complaint identified the following amounts of cocaine, respectively: (1) 0.6; (2) 0.7; (3) 1.1; and (4) 1.6. Added together, those amounts total four grams of cocaine, all of which were involved in transactions from September 24, 2014, through September 26, 2014.

¶45 The amount alleged in the Amended Information, however, was not based only on the September 24, 2014, to September 26, 2014 timeframe. Rather, the alleged time period covered September 24, 2014, through May 24, 2015, and in the original Information, the State alleged West had "possess[ed] with intent to deliver … Cocaine Base, in an amount *more than one gram* but not more than 5 grams[.]" (Emphasis added.) While the Information did not allege a specific amount, it is clear that the amount was more than one gram. Taken together with the four grams alleged in counts one through four of the Complaint, the total was

therefore necessarily *more than* five grams as alleged in the Amended Information. Thus, even if we accept West's assertion that the 14.53 grams should be excluded from the aggregated amount, the remaining alleged amounts equaled more than five grams as set forth in the Amended Information. Accordingly, there was a factual basis to support the amount alleged.

¶46    This brings us to West's next argument: West was initially charged with multiple cocaine-related conspiracy charges stemming from alleged violations of WIS. STAT. § 961.41(1)(cm) (counts one through four), which, West points out, do "not fall within the language of" WIS. STAT. § 971.365(1)(b), and one cocaine-related conspiracy charge for an alleged violation of § 961.41(1m)(cm) (count five). West is correct that the first four cocaine-related charges in the Complaint were charged as conspiracy charges pursuant to § 961.41(1)(cm) and § 961.41(1x) and that § 971.365(1)(b) references neither § 961.41(1)(cm) nor § 961.41(1x).[12] However, the original Information filed in June 2015 added an additional cocaine-related charge: count seven alleged a nonconspiracy violation of § 961.41(1m)(cm), and the Amended Information filed at the time of the negotiated plea amended the alleged amount to *that* count—and it was *that* count to which West ultimately pled.

¶47    Thus, although only one of the cocaine-related charges West faced prior to reaching the plea agreement alleged a nonconspiracy violation of WIS. STAT. § 961.41(1m)(cm) (count seven), under the circumstances present here,

---

[12] WISCONSIN STAT. § 971.365(1)(a), however, applies to violations of WIS. STAT. § 961.41(1)(cm). Moreover, although neither § 971.365(1)(a) nor § 971.365(1)(b) specifically references § 961.41(1x), the applicable conspiracy statute, "conspiracy" is not a stand-alone crime. Rather, a violation of § 961.41(1x) is dependent upon the violation of a statute identified therein, including § 961.41(1)(cm) and § 961.41(1m)(cm)—both of which are covered by § 971.365(1)(a) and § 971.365(1)(b), respectively. We are therefore satisfied that under these circumstances, where West negotiated a plea agreement, the underlying amounts identified in the conspiracy charges may be aggregated.

where West negotiated a plea that significantly reduced his overall exposure, WIS. STAT. § 971.365(1)(b) is operable to provide a factual basis for the plea. This is so because "often in the context of a plea bargain, a plea is offered to a crime that does not closely match the conduct that the factual basis establishes." *State v. Harrell*, 182 Wis. 2d 408, 419, 513 N.W.2d 676 (Ct. App. 1994). This is why "when a plea is pursuant to a plea bargain, the trial court is not required to go to the same length to determine whether the facts would support the charge as it would if there were no plea bargain." *Id.*; *see also* *Broadie v. State*, 68 Wis. 2d 420, 423-24, 228 N.W.2d 687 (1975) (same); *State v. Sutton*, 2006 WI App 118, ¶16, 294 Wis. 2d 330, 718 N.W.2d 146 (same). Consequently, in the context of a plea agreement, WIS. STAT. § 971.08(1)(b)'s factual basis requirement is satisfied when "a factual basis is shown for either the offense to which the plea is offered or to a more serious charge reasonably related to the offense to which the plea is offered." *See* *Harrell*, 182 Wis. 2d at 419. This is true "even when a true greater- and lesser-included offense relationship does not exist." *Id.*

¶48 Here, there is no question that the charges pursuant to WIS. STAT. § 961.41(1)(cm) (manufacture, distribution, or delivery of cocaine and cocaine base) were reasonably related to § 961.41(1m)(cm) (possession with intent to manufacture, distribute, or deliver cocaine and cocaine base), the amended charge West ultimately agreed to plead to. We are therefore satisfied that under these circumstances, WIS. STAT. § 971.365(1)(b) permits aggregation of the individual smaller amounts to form the basis of the amended charge.

¶49 Finally, West complains that WIS. STAT. § 971.365 is an "obscure" statute. Whether a statute is "obscure" or not has no bearing on its enforceability. So long as the statute is valid, it is enforceable; regardless of how infrequently it may be utilized, it is still the law.

¶50    West also seems to suggest in his Reply brief that the postconviction court's reliance on WIS. STAT. § 971.365, particularly given that neither party had previously referenced this "obscure" statute, should weigh in favor of granting him an evidentiary hearing on his motion.  Specifically, he says he is entitled to an evidentiary hearing because he was not "afforded … an opportunity to fairly appraise whether his alleged conduct factually satisfied the charge to which he pled, *particularly since it relied on an obscure statute* that was never referenced by the state, the court, or his attorney, until the post-conviction court unearthed it when denying the motion sub judice."  (Emphasis added.)  However, West stated in his plea withdrawal motion that he "only pled guilty because he was under the impression that the State could prove the offense by adding up smaller amounts of cocaine that he was alleged to have possessed on separate occasions."  This, however, is precisely what § 971.365(1)(b) allows, and § 971.365's apparently infrequent use does not somehow invalidate a factual basis for West's plea.

¶51    Based on the foregoing, we conclude there was a factual basis to support West's guilty plea.

### 2. West Is Not Entitled to an Evidentiary Hearing Pursuant to *Bangert*.

¶52    As set forth above, under *Bangert*, a defendant is entitled to an evidentiary hearing on his plea withdrawal motion if the motion:  (1) "makes 'a *prima facie* showing that [the] plea was accepted without the trial court's conformance with [WIS. STAT.] § 971.08 or other mandatory procedures'"; and (2) "alleges that in fact the defendant did not know or understand the information that should have been provided at the plea colloquy." *Howell*, 301 Wis. 2d 350, ¶27 (alterations in original; footnote omitted).

28

¶53    West invoked **Bangert** in his plea withdrawal motion by arguing the circuit court failed to comply with WIS. STAT. § 971.08(1)(b)'s requirement that it "[m]ake such inquiry as satisfies it that the defendant in fact committed the crime charged"—in other words, West says, the court failed to confirm during the plea colloquy whether there was a factual basis to support his guilty plea.  *See* § 971.08(1)(b); *State v. Lackershire*, 2007 WI 74, ¶33, 301 Wis. 2d 418, 734 N.W.2d 23, *abrogated on other grounds by State v. Straszkowski*, 2008 WI 65, 310 Wis. 2d 259, 750 N.W.2d 835.  Essentially, West argued that because he was under the mistaken belief the State could aggregate the smaller amounts of cocaine he allegedly possessed into one larger amount, he did "'not realiz[e] that his conduct does not' constitute the charged crime."  *See Lackershire*, 301 Wis. 2d 418, ¶35.

¶54    West largely attributed his perceived lack of understanding to the circuit court's failure during the plea colloquy "to establish whether the underlying conduct constituted the crime to which he entered a plea"; the lack of "additional details about [his] role in the crime charged … in the plea colloquy," which he said occurred at least in part due to defense counsel's stipulation "that a factual basis for the plea existed … when, in fact, it did not"; and the court's failure to confirm "when, between September 24, 2014 and May 24, 2015, [he] possessed more than 5, but less than 15, grams of cocaine."  This failure to establish an adequate factual basis, he said, rendered the plea colloquy inadequate and therefore entitled him to plea withdrawal.  West is incorrect.

¶55    As to the first **Bangert** prong, West alleged here that the circuit court failed to establish, as required by WIS. STAT. § 971.08(1)(b), that a factual basis existed to support his plea.  *See* § 971.08(1)(b) (prior to accepting a guilty plea, the court must "[m]ake such inquiry as satisfies it that the defendant in fact committed the crime charged").  According to West, the court failed to establish a factual basis

29

because it did not ask West when, during the entire alleged timeframe, he had possessed at least five grams of cocaine at one single time. As we have established, however, WIS. STAT. § 971.365(1)(b) does not require that West possessed more than five grams but not more than fifteen grams at one *single* time; consequently, the court was not required to ask the question West says that it failed to ask.

¶56 Moreover, having reviewed the plea hearing transcript, it is clear that the circuit court definitively *did* ask West whether he had engaged in the conduct alleged in the Amended Information. To wit, the court, speaking directly to West, stated: "It's alleged that you possessed greater than five, up to 15 grams of cocaine with the intent to deliver during the time period between … September 24th of last year and May 24th of this year" and then asked West if he "admit[ted] to committing possession with intent to deliver cocaine greater than five, up to 15 grams[.]" West replied, "Yes." And again, defense counsel confirmed there was a factual basis to support the plea.

¶57 Because we conclude the circuit court did not fail to establish that a factual basis existed to support West's plea, and because West has not identified any other alleged error arising from the plea colloquy, West has failed to establish ***Bangert***'s first prong. He therefore was not entitled to an evidentiary hearing pursuant to ***Bangert***, and the postconviction court, which thoroughly reviewed the entirety of the Record at the plea withdrawal motion hearing, did not err in denying West an evidentiary hearing.

3. West Is Not Entitled to an Evidentiary Hearing Pursuant to ***Nelson/Bentley***.

¶58 West's assertion that he is entitled to plea withdrawal pursuant to ***Nelson/Bentley*** fails for similar reasons. West's ***Nelson/Bentley*** claim was based

on the premise that he received ineffective assistance of counsel because his attorney failed "to accurately review the full and actual elements of the [amended] offense with West and explain how his conduct would have satisfied possession of 5-15 grams of cocaine." This was deficient, he said, because his attorney neither knew nor explained to West that the State could not aggregate the smaller underlying offenses, which led to counsel "allow[ing] West to plead guilty to an offense for which there was no factual basis." This deficiency was prejudicial, West claimed, because had he known that the State could not aggregate the underlying offenses, he would have proceeded to trial rather than enter a plea.

¶59     "Whether a defendant was denied effective assistance of counsel is a mixed question of law and fact." *State v. Breitzman*, 2017 WI 100, ¶37, 378 Wis. 2d 431, 904 N.W.2d 93. To establish ineffective assistance of counsel, a "defendant must show that counsel's performance was deficient" and "that the deficient performance prejudiced the defense." *Strickland*, 466 U.S. at 687. To establish deficiency, a defendant must show "that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed … by the Sixth Amendment." *Id.* In other words, "a defendant must establish, based on the totality of the circumstances, that counsel's performance fell below an objective standard of reasonableness." *Savage*, 395 Wis. 2d 1, ¶31. "To show prejudice, a defendant must show 'that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable.'" *Id.*, ¶32 (quoting *Strickland*, 466 U.S. at 687). Stated otherwise, a "defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694. In the context of plea withdrawal, a defendant must establish that but for counsel's errors, he would have proceeded to trial rather than enter a plea. *Savage*, 395 Wis. 2d 1, ¶33.

¶60    As previously established, the State *was* permitted to aggregate the smaller amounts into one single, larger amount, and there was a factual basis for it to do so.  Defense counsel was therefore not required to inform West that the State could not aggregate the smaller, individual amounts into one larger amount because the law does not prohibit the State from doing so.  Accordingly, it was not deficient performance for defense counsel to fail to inform West of something that is not actually the law, and West has therefore failed to establish that counsel was ineffective.  *See, e.g.*, **State v. Shata**, 2015 WI 74, ¶67, 364 Wis. 2d 63, 868 N.W.2d 93 ("Correct advice is not deficient.").

¶61    West has therefore failed to establish that he was entitled to an evidentiary hearing pursuant to **Nelson/Bentley** as he has not "'allege[d] facts which, if true, would entitle [him] to relief[.]'"  *See Sulla*, 369 Wis. 2d 225, ¶26 (citation omitted).  And, as with the postconviction court's denial of West's motion under **Bangert**, that court's thorough review of the entire Record clearly establishes that it did not erroneously exercise its discretion in denying West's motion without an evidentiary hearing.

## III.  CONCLUSION

¶62    Having determined that aggregation of the smaller amounts of cocaine identified in the Complaint and original Information into one larger amount for purposes of the sole count in the Amended Information was permissible, we conclude that:  (1) there was a factual basis to support West's guilty plea; (2) West failed to establish that he was entitled to an evidentiary hearing on his plea withdrawal motion pursuant to either **Bangert** or **Nelson/Bentley**; and (3) the postconviction court did not erroneously exercise its discretion in denying West's plea withdrawal motion without first holding an evidentiary hearing.  For the same

reasons, we also conclude West has failed to otherwise establish that he entered his plea based on an erroneous understanding of the charge to which he pled, that a manifest injustice would occur if he is not allowed to withdraw his plea, or that he did not enter his plea knowingly, intelligently, or voluntarily. Accordingly, we affirm.

*By the Court.*—Order affirmed.